# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KAREN MARTWICK,**

                     **Plaintiff,**

**-vs-**                                                               **Case No. 6:08-cv-839-Orl-19GJK**

**MITEL NETWORKS, INC. and INTER-TEL TECHNOLOGIES, INC.,**

                     **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 22)** |
| **FILED:** | December 23, 2008 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S REQUEST FOR FAIRNESS HEARING (Doc. No. 31)** |
| **FILED:** | April 9, 2009 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot**. | |

Plaintiff and Defendants filed the present Joint Motion for Approval of Settlement ("Motion") requesting the Court to approve the parties' proposed settlement agreement pursuant to the Fair Labor Standards Act ("FLSA"). Doc. Nos. 22; 22-2. On April 9, 2009, Plaintiff filed a Request for a Fairness Hearing (the "Request for Hearing"). Doc. No. 31.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). Counsel for Plaintiff must disclose the extent to which Plaintiff's FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between Plaintiff and her counsel, or otherwise. *See Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir. Jan. 13, 2009). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).

In the present case, the parties have reached a settlement in the amount of $15,000.00 with Plaintiff receiving $10,000.00 and Plaintiff's counsel receiving $5,000.00 in attorney's fees and costs. Doc. No. 22. Plaintiff originally claimed actual damages of $25,255.71 applying a time and a half calculation. Doc. No. 14. However, following settlement discussions, the parties agree that a half-time calculation is appropriate. Doc. No. 22 at 3. Thus, Plaintiff would be entitled to actual damages of $6,021.93 ($12,043.86 including liquidated damages). *Id.* Accordingly, the proposed settlement amount represents compensation in full of actual damages and only a compromise of a little more than $2,000.00 in liquidated damages.

A.    Wages

The Court has reviewed the proposed settlement as required by *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). The case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. Each party was represented by independent counsel, who were obligated to vigorously represent their client. Plaintiff has agreed to damages in the amount of $10,000.00.

B.    Attorney's Fees

1. Hourly Rate

Plaintiffs' counsel, Carlos Leach, calculated the lodestar amount at a rate of $250.00 per hour for his services. Doc. No. 30 at 5. Mr. Leach states that he has been a continuous member of the Florida Bar since 2002. *Id*. He states that the hourly rate of $250.00 is appropriate in this case as it was not a typical FLSA case. *Id.* He maintains that he has previously been awarded fee awards in the Middle District ranging from $250.00 to $300.00 per hour in similar cases.[1] The Court finds his hourly rate of $250.00 reasonable.

The paralegals seek an hourly rate of $95.00. In regard to paralegal Risma Saragih, she has been a paralegal over five years and expended 2.9 hours on this case. The Court finds her hourly rate reasonable. In regarding to paralegal Christy Effron, she has been a paralegal for over 4 years and spent 4.3 hours on this case. The Court also finds her hourly rate reasonable.

---

[1] Case Nos. 8:08-cv-574-JSM-TGW ($300.00); 8:06-cv-1759-JSM-MAP ($300.00); 5:07-cv-123-WTH-GRJ ($250.00); 5:07-cv-369WTH-GRJ ($300.00); **6:07-cv-1338-19DAB ($250.00); 6:07-cv-890-GAP-GJK ($250.00); and 6:07-cv-763-31DAB ($250.00)**.

2. Reasonable Number of Hours

Counsel submitted a detailed Time Sheet showing the work performed by Mr. Leach, Ms. Saragih and Ms. Effron in this case. Doc. No. 30-2. After reviewing the Time Sheet, the undersigned finds that the amount of time spent on the case was reasonable. Accordingly, the total number of reasonable hours of work spent by counsel in this case is 20.7. *Id.* At a reasonable hourly rate of $250.00 per hour, the total attorney's fee award is $5,175.00. Ms. Saragih's total number of reasonable hours of work in this case is 2.9 hours. At a reasonable rate of $95.00 per hour, the total fee award is $275.50. Ms. Effron's total number of reasonable hours of work in this case is 4.3 hours. At a reasonable rate of $95.00 per hour, the total fee award is $408.50. The grand total attorney's fee award under lodestar would total $5,859.00. Plaintiffs incurred costs in the amount of $471.07, which the undersigned finds are reasonable. Doc. No. 30-2 at 4. Thus, because the attorney's fees and costs under lodestar are greater than the amount pursuant to the proposed settlement, the Court recommends that the fees sought under the proposed settlement are reasonable.

**IT IS RECOMMENDED THAT**:

1. The Court grant the Motion;

2. The Court deny the Request for Hearing as moot; and

3. The Court dismiss the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an

aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 1, 2009.

Copies furnished to:
The Honorable Patricia C. Fawsett

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE